IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD L. OBENG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1248 (GMS) |
| | ) | |
| DELAWARE STATE POLICE, COMCAST CABLE, and FEDERAL BUREAU OF INVESTIGATION, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

FILED

JUL -7 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**MEMORANDUM**

I.  **INTRODUCTION**

On September 9, 2004, Richard Y. Obeng ("Obeng") filed a *pro se* action against the Delaware State Police (the "DSP"), Comcast Cable ("Comcast"), and the Federal Bureau of Investigation (the "FBI") (collectively, the "defendants"). In his complaint, Obeng alleges that the defendants have, since 1999, "engaged in an elaborate and unlawful series of engagements to encroach on the plaintiff's privacy, civil rights, and other despicable and unlawful acts." (Compl. ¶ 3.) Obeng seeks both punitive and compensatory damages from the defendants, as well as an order requiring the defendants to hand over any information on "activities of harassment that have been perpetrated against [the] plaintiff." (*Id.* ¶ 17.)

Presently before the court are the FBI's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Comcast's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons,

the court will grant both motions.

## II. BACKGROUND

Obeng is a resident of Bear, Delaware. He initially filed his complaint in the New Castle County Court of Common Pleas on or about July 29, 2004. Comcast was served with the complaint on August 12, 2004, and timely filed a motion to dismiss on September 1, 2004. On September 9, 2004, prior to the hearing date set for Comcast's motion, the FBI removed the case to this court pursuant to 28 U.S.C. §§ 1346 and 1446. On September 16, 2004, the FBI filed a motion to dismiss.[1]

In his complaint, Obeng alleges that the defendants have, for the past five years, engaged in "cowardly, despicable and fiendish acts" against him that include sabotaging his business venture, hindering his job search, tampering with his prescription medication, tapping his phone, fax, and Internet access, possibly bugging his car and apartment, colluding with medical staff to reveal false and confidential medical information about him to the public, and monitoring him through his television so that "[w]hen [he] switches on his TV for any live telecast/broadcast, audiences in other studios and locations are able to see [him] in his [r]oom." (Compl. ¶ 3-15.) Obeng also "strongly suspects" that the defendants have pressured local attorneys into declining to represent him. (*Id.* ¶ 14.)

## III. STANDARD OF REVIEW

### A.    Rule 12(b)(1)

An attack pursuant to Federal Rule of Civil Procedure 12 (b)(1) challenges the jurisdiction

---

[1] It does not appear from either the docket or the notice of removal that the DSP was served with the complaint in this case. The court, therefore, will dismiss Obeng's claims against the DSP without prejudice for failure to prosecute.

of the court to address the merits of the complaint. *Lieberman v. Delaware*, No. CIV. A. 96-523 GMS, 2001 WL 1000936, at *1 (D. Del. Aug. 30, 2001). Such a motion may challenge the court's jurisdiction facially, based on the legal sufficiency of the claim, or factually, based on the sufficiency of jurisdictional fact. *Mortensen v. First Fed. Sav. & Loan*, 439 F.2d 884, 891 (3d Cir.1977) (distinguishing standard governing each type of challenge); *see Lieberman*, 2001 WL 1000936, at *1 (finding facial challenge where defendant did not dispute facts alleged in complaint that supported court's subject matter jurisdiction). The case at hand presents a facial challenge because the FBI does not attack the merits of Obeng's claims but, rather, alleges procedural defects. Accordingly, the court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Mortensen*, 549 F.2d at 891.

**B.    Rule 12 (b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F. 3d 723, 726 (3d Cir. 1997); *Nami v. Fauver*, 82 F.3d 63, 64 (3d Cir. 1996). In particular, the court must look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3d Cir. 1988). The court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 1332 F.3d 902, 906 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996)).

## IV. DISCUSSION

### A. The FBI's Motion to Dismiss

The FBI moves to dismiss for lack of subject matter jurisdiction, asserting that Obeng has failed to meet the requirements of the Federal Tort Claims Act ("FTCA"). The FTCA "is designed to ease court congestion, expedite fair settlement, and provide equitable treatment to the injured individual." *Frantz v. United Sates*, 791 F. Supp. 445, 447 (D. Del. 1992). To further these goals, the FTCA requires a claimant to file an administrative claim with the federal agency "whose activities gave rise to the claim." *See Nickle v. U.S. Army Corps of Engineers*, No. Civ. A. 03-322 GMS, 2003 WL 21640373, at * 2 (D. Del. July 10, 2003) (citing 28 C.F.R. § 14.2(b)(1) (2003)). The claim must include: (1) an executed Standard Form 95 or other written notification of the incident; (2) a claim for a sum certain for injury to or loss of property or personal injury alleged to have resulted from the incident; and (3) if the claim is filed on behalf of the claimant, evidence of the authority to represent a claim on behalf of the claimant. *Id.*; *see* 28 C.F.R. § 14.2(a) (2005); *Frantz*, 791 F. Supp. at 448. Additionally, the claim must "have been finally denied by the agency in writing and sent by certified or registered mail" before the claimant may bring a suit in federal court. 28 U.S.C. § 2675(a) (2005).

Fulfillment of the administrative claim requirement is an essential prerequisite to the court's subject matter jurisdiction over an FTCA claim. *Washington v. Curry*, No. Civ. A. 01-617-JJF, 2002 WL 233192, at *2 (D. Del. Feb. 14, 2002); *Dondero v. United States*, 775 F. Supp. 144, 147 (D. Del.1991) ("Tort claims against the United States shall be barred unless they are first presented in writing to the appropriate Federal agency."). Pursuant to the FTCA, "federal courts do not possess subject matter jurisdiction unless the [accused] agency has an opportunity to review the claims."

*Dondero*, 775 F. Supp. at 148 (D. Del. 1991). Thus, failure to comply with the administrative exhaustion requirement must result in dismissal.

Obeng, as the plaintiff, bears the burden of proving that a proper administrative claim was filed with the FBI. *See Frantz*, 791 F. Supp. at 450. That is, Obeng must show that he supplied written notice of his claim to the FBI. The FBI contends that Obeng did not file an administrative claim regarding his allegations in the present case. The court agrees. Based on the record before it, there is no evidence that Obeng ever presented the FBI with a written statement of his claim prior to this action. Further, Obeng does not allege in his complaint or otherwise that any such communication occurred. Indeed, there is not even a suggestion in the complaint that Obeng filed an executed Standard for 95 or other written notice of the incidents which he complains. As such, the court is without jurisdiction and, therefore, will grant the FBI's motion to dismiss.

**B.    Comcast's Motion to Dismiss.**

Comcast has moved to dismiss Obeng's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Comcast asserts that dismissal is appropriate in the present case because Obeng's complaint does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The court is persuaded by Comcast's argument. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2005). In order to survive a motion to dismiss, Obeng's allegations must provide Comcast with "fair notice of what . . . [his] claim[s] [are] and the grounds upon which [they] rest[]." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Here, even under the generous standard that *pro se* litigants are afforded for purposes of a

motion to dismiss, Obeng has failed to provide Comcast with fair notice of his claims against it. Obeng does not allege any particular claim or tort. Rather, he states that the defendants "might" have "encroach[ed] on [his] privacy [and] civil rights" by engaging in "despicable and unlawful acts." (Compl. ¶ 3.) Moreover, of the ten specific claims that follow the initial paragraphs of his complaint, three are framed in the potential as either "may have" or "strongly suspect that" (*Id.* ¶ 5, 6, 14); two are statements of incidents that have allegedly happened to him without any attempt to link the defendants to those incidents (*Id.* ¶ 7, 12); and the remaining five allegations fail to specify whether Comcast was involved in the complained of conduct (*Id.* ¶ 4, 8, 10, 11, 13, 15). Further, it is unclear to the court what notice Comcast could possibly draw from Obeng's allegations that the defendants caused "undue emotional stress"[2] (*Id.* ¶ 13), and performed "cowardly acts of treachery." (*Id.* ¶ 15.)

Obeng also fails to meet the second requirement of *Conley*. That is, Obeng's complaint does not present any grounds for his claims. For example, while Obeng claims that his e-commerce site

---

[2] Even assuming the court construed Obeng's claim of "undue emotional stress" as a claim for intentional infliction of emotional distress, it would not survive Comcast's motion to dismiss. Under Delaware law, the requirements for a claim of intentional infliction of emotional distress are as follows: "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Mattern v. Hudson*, 542 A.2d 85, 85 (Del. Super. 1987). In *Mattern*, the Delaware Superior Court defined "extreme conduct" as conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as . . . utterly intolerable in a civilized community." *Id.* at 86 (citing RESTATEMENT (SECOND) TORTS § 46, cmt.d). In addition, "the distress requirement is met where the distress inflicted 'is so severe that no reasonable man could be expected to endure it.'" *Mandelaka v. Boyd*, 1993 WL 258798, at * 1 (Del. Super. June 14, 1993) (quoting *Mattern*, 54 A.2d at 86). In the present case, the court cannot say that Obeng's unsupported assertion of "undue emotional stress" caused by unidentified "[d]efendants" rises to the level of distress required under Delaware law. Thus, Obeng has not sufficiently stated a claim for intentional infliction of emotional distress against Comcast.

"was consistently sabotaged" by the defendants, his complaint fails to point to any specific acts that constituted sabotage. (Compl. ¶ 9.) Nor does his response to Comcast's motion to dismiss provide the court with any additional information regarding the grounds for his claims. Instead, it just recites the unsupported assertions contained in his complaint. Accordingly, Obeng has not stated a claim against Comcast showing that he is entitled to relief. The court, therefore, will grant Comcast's motion to dismiss.

Dated: July 7, 2005

                                          UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD L. OBENG, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 04-1248 (GMS) |
| DELAWARE STATE POLICE, COMCAST CABLE, and FEDERAL BUREAU OF INVESTIGATION, | ) |
| Defendants. | ) |

FILED
JUL - 7 2005
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The FBI's Motion to Dismiss Plaintiff's Complaint (D.I. 3) is GRANTED.

2. Comcast's Motion to Dismiss (D.I. 1 Ex. B) is GRANTED.

3. The plaintiff's claims against the FBI and Comcast are DISMISSED with prejudice.

4. The plaintiff's claims against the Delaware State Police are DISMISSED without prejudice for failure to prosecute.

5. The plaintiff's Motion to Separate Comcast Cable from Other Two (2) Defendants (D.I. 8) is DENIED as moot.

Dated: July _7_, 2005

_____
UNITED STATES DISTRICT JUDGE