IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD Y. OBENG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 04-1248 (GMS) |
| DELAWARE STATE POLICE, COMCAST ) | |
| CABLE and FEDERAL BUREAU OF ) | |
| INVESTIGATIONS ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT COMCAST OF DELMARVA INC.'S
## OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN

Defendant Comcast of Delmarva, Inc. ("Comcast") respectfully submits this opposition to *pro se* plaintiff Richard Y. Obeng's ("Plaintiff") Amended Motion to Reopen Civil Action Case No. 04-1248(GMS) (the "Motion") (D.I. 19) because, under even the most generous reading, the Motion is neither timely nor does it set forth any exceptional circumstances that would justify the relief sought.

## BACKGROUND

Plaintiff originally filed a two-page complaint (the "Complaint") against defendants Delaware State Police, Comcast and the Federal Bureau of Investigation (the "FBI") (collectively, "Defendants"), in the Delaware Court of Common Pleas.[1] The Complaint alleged, in a wholly conclusory manner, that Defendants "might have been engaged in an elaborate, and

---

[1] The original Complaint named "Comcast Cable" as a defendant. Because that entity does not exist, Comcast believes that Comcast of Delmarva, Inc., Plaintiff's cable provider, is the proper Comcast entity to be filing this opposition.

unlawful series of engagements to encroach on plaintiff's privacy, civil rights, and other despicable and unlawful acts." Complaint ¶ 3; *see also id.* ¶ 5 ("When Plaintiff switches on his TV for any live telecast/broadcast, audiences in other studios and locations are able to see Plaintiff in his room."); *id.* ¶ 6 ("Electronic 'Bugs' may have been planted in Plaintiff's apartment."). The case was removed to this Court by the FBI on September 9, 2004 pursuant to 28 U.S.C. §§ 1346 and 1446. The FBI moved to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and Comcast moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted.

The parties, including Plaintiff, engaged in briefing on the motions to dismiss. After consideration of the parties' arguments and a careful analysis of the Complaint, the Court issued a Memorandum Opinion (the "Opinion") and Order dismissing Plaintiff's claims against Comcast in their entirety with prejudice. D.I. 12. In so doing, the Court found that the Complaint failed to provide Comcast with any kind of notice of the claims asserted against it and did not present any grounds to support Plaintiff's claims. *Id.* at 6 ("Obeng has failed to provide Comcast with fair notice of his claims against it. . . . [and the] complaint does not present any grounds for his claims."). The Order dismissing the case against Comcast with prejudice was entered on July 7, 2005.[2] D.I. 12.

---

[2] In the Opinion and related Order, the Court also found that it was without jurisdiction to hear Plaintiff's claims against the FBI and thus granted the FBI's motion to dismiss with prejudice. D.I. 12 at 4-5. Plaintiff's claims against the Delaware State Police were dismissed without prejudice for failure to prosecute. *Id.* at 2 n.1.

On October 6, 2006, more than a year after his claims were dismissed, Plaintiff filed the instant "motion to reopen" his case against Defendants. Plaintiff's Motion is brief and, by way of explanation, states that he is "filing a motion to reopen the civil action case No. 04-1248, since previous and current allegations have assumed monstrous proportions, to say the least." D.I. 19 at 1. The Motion, however, presents *no* new allegations. Rather, it simply refers back to the original Complaint and states, without offering any additional detail, that "the defendants have since 1999 have been [sic] involved in an elaborate and unlawful series of engagements designed to encroach on the plaintiff's privacy and civil rights, as well as other unlawful and despicable acts." *Id.*

## ARGUMENT

Courts construe pleadings by pro se litigants liberally and "construe pro se submissions in a manner that allows, to the fullest extent feasible, for the substance of issues to be addressed, despite any technical deficiencies in pleading or presenting claims and defenses." *Ford v. Unum Life Ins. Co. of America*, 2006 WL 624762, at *2 (D. Del. Mar. 9, 2006) (Exhibit A) (recognizing that pro se submissions are to be construed liberally, but nonetheless dismissing a pro se plaintiff's claims). Here, under even the most generous reading, the Motion is neither timely nor does it set forth any exceptional circumstances that would justify the relief sought.

Neither the Federal Rules of Civil Procedure nor the Local Rules of this District make mention of a "motion to reopen." However, read liberally, the Motion could be construed as one of three things: (1) a notice of appeal pursuant to Fed. R. App. P. 3; (2) a motion for reargument pursuant to Federal Rule of Civil Procedure 59(e) and D. Del. L.R. 7.1.5; or (3) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Given that it has been over a year since his claims against Comcast were dismissed, however, all of these possible motions are untimely. And, even if the Motion had been brought within a reasonable

amount of time, it fails to set forth the extraordinary circumstances necessary to grant the relief requested.

## I. APPEAL IS UNTIMELY.

The Motion, if construed as a notice of appeal, is time-barred. A litigant who has had fair notice of the judgment or order against him, has sixty days from the date of that judgment or order in which to seek an appeal. *See* Fed. R. App. P. 3 & 4(a)(1)(B). This 60-day requirement is jurisidictional and must be strictly complied with. 20 *Moore's Federal Practice* § 304.11[2] (3d ed. 2006). Plaintiff had adequate notice of the judgment entered against him on July 7, 2005. He admits as much in his motion to seek legal assistance that was filed alongside the current Motion. *See* D.I. 14 ¶ 1 ("The judge concurred with reasons spelt out in the motion to dismiss case."). Having had fair notice that judgment was entered against him, Plaintiff had until September 6, 2005 to file a notice of appeal. The Motion misses that deadline by nearly fourteen months. Accordingly, if construed as an appeal, the Motion should be denied as untimely.[3]

## II. A MOTION FOR REARGUMENT IS UNTIMELY.

If construed as a motion for reargument under D. Del. L.R. 7.1.5 and Fed. R. Civ. P. 59(e), the Motion is also time-barred. Local Rule 7.1.5 is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *Ciena Corp. v. Corvis Corp.*, 352 F. Supp. 2d 526, 527 (D. Del. 2005). Under both rules, a motion for reargument must be filed within ten days after the Court's decision and set forth the grounds upon which it seeks reargument. *See* D. Del. L.R. 7.1.5 and Fed. R. Civ. P. 59(e). Because the

---

[3] Moreover, because Plaintiff received notice that his claims were dismissed, there is no basis for the Court to reopen the time for filing an appeal pursuant to Fed. R. App. P. 4(a)(6).

ten-day time limitation is a jurisdictional requirement, it may not be waived. *Pittsburgh Terminal Corp. v. Baltimore and Ohio R.R. Co.*, 824 F.2d 249, 252 (3d Cir. 1987) (citation omitted). As discussed above, Plaintiff had fair notice of the judgment entered against him on July 7, 2005. Thus, Plaintiff had until July 17, 2005 to file a motion for reargument. Again, the current motion comes before the Court more than a year after this date. Thus, if read as a motion for reargument, the Motion should be denied as untimely.[4]

### III. A MOTION FOR RELIEF FROM JUDGMENT IS UNTIMELY AND INAPPROPRIATE.

Finally, if construed as a motion for relief from a judgment under Federal Rule of Civil Procedure 60(b)(6), the Motion was not filed within a reasonable time. Rule 60(b) permits a litigant to seek relief from a judgment or order for any of six reasons, including ". . . (6) any other reason justifying relief from the operation of judgment."[5] A court, at its discretion, may

---

[4] Even if the Motion were considered a timely motion for reargument, it fails to set forth any proper ground for such motion. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) ("A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice.") (internal quotations omitted).

[5] Plaintiff's Motion offers no basis upon which relief from the Court's Order of dismissal pursuant to any of the other subsections of Rule 60(b) would be justified. *See* Fed. R. Civ. P. 60(b)(1)-(5). The Motion contains no allegations of mistake or surprise, does not present any newly discovered evidence, does not claim fraud, does not contest the validity of the judgment against him, and does not argue that the judgment has been satisfied, released or discharged. Moreover, any motion based on the first three subsections of Rule 60(b) would be time-barred because more than a year has passed since the entry of the Court's Order of dismissal. *See* Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken."). Accordingly, the only provision of Rule 60(b) that arguably has any applicability to Plaintiff's Motion is the catch-all provision set forth in subsection (6).

grant or deny relief under this provision. *Route 26 Land Dev. Assoc. v. United States*, 182 F. Supp. 2d. 382, 384 (D. Del. 2002) (citing *Lasky v. Cont'l Prods. Corp.*, 804 F.2d 250, 256 (3d Cir. 1986)). Motions made under subsection six, however, must be made within a reasonable amount of time. Fed. R. Civ. P. 60(b). "What constitutes a reasonable amount of time depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties." *Bruton v. Williams*, 2005 WL 1385140, at *1 (D. Del. Mar. 31, 2005) (internal quotations omitted) (Exhibit B).

Here, Plaintiff fails to articulate any reason for his lengthy delay. Plaintiff only alleges that he is filing his Motion "since previous and current allegations have assumed monstrous proportions, to say the least." D.I. 19 ¶ 3. That is not a sufficient explanation for the delay. Moreover, the Motion does not present any new allegations of wrongdoing.[6] The Court has already expended valuable resources considering Plaintiff's claims and determined they should be dismissed with prejudice. *See* D.I. 12 at 5-7. "The finality of judgments is a cornerstone of our judicial system." *Harris v. Martin*, 834 F.2d 361, 366 (3d Cir. 1987). That fundamental principle should not be lightly disturbed in such an instance where a party

---

[6] Even looking beyond the Motion to other documents filed by Plaintiff (but not properly served on Defendants), Plaintiff only alleges the same type of frivolous and insufficient claims previously dismissed by the Court. For example, the "Letter to Legal Expert" filed, but not served, on June 30, 2006 reiterates the general allegations of Plaintiff's original complaint. *See* D.I. 16. Although the "Addendum" to that letter adds new allegations regarding "voodoo" and "dark forces" allegedly used by Defendants to inflict pain and medical conditions upon Plaintiff and members of his family (D.I. 16 at 2-3), those allegations "describ[e] fantastic or delusional scenarios" and, accordingly, would be deemed frivolous and subject to dismissal with prejudice as well. *See Bloom v. U.S. Gov't*, 2003 WL 22327163, at *8 (S.D.N.Y Oct. 10, 2003) (citations omitted) (Exhibit C).

repeatedly fails to raise a legally cognizable claim. Plaintiff's one-year delay in filing the Motion, without any justification or reason for the delay, is simply not reasonable under Rule 60(b)(6). *See Bruton*, 2005 WL 1385140, at *3 (finding that "[w]ithout compelling justification, such a delay [over one year] is not reasonable under the rule").

Moreover, even if the Motion had been brought within a reasonable amount of time under Rule 60(b)(6), it fails to set forth the extraordinary circumstances necessary to grant the relief requested. "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without relief, an extreme and unexpected hardship would occur." *Bruton*, 2005 WL 1385140, at *1 (internal quotations omitted); *see also Ackerman v. U.S.*, 340 U.S. 193 (1950); 12 *Moore's Federal Practice* § 60.48 (3d ed. 2006). Here, the Motion merely reiterates the frivolous and fantastical allegations included in the Complaint that the Court has already carefully considered and dismissed with prejudice. Given the importance of the finality of judgments, the prejudice that Comcast would suffer if required to expend additional resources defending against the repeated filing of Plaintiff's frivolous claims, and Plaintiff's failure to present any "extraordinary circumstances," granting relief under Rule 60(b)(6) would be untimely and inappropriate.

## CONCLUSION

For the foregoing reasons, defendant Comcast of Delmarva, Inc. respectfully requests that Plaintiff's Motion to Reopen Civil Action Case No. 04-1248(GMS) be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Susan W. Waesco
Michael Houghton (#2179)
Susan W. Waesco (#4476)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
  Attorneys for Defendant
  Comcast of Delmarva, Inc.

October 20, 2006

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing DEFENDANT COMCAST OF DELMARVA INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN were caused to be served this 20th day of October, 2006 upon the following in the manner indicated:

**BY FIRST-CLASS MAIL**

Richard Y. Obeng
1710 Christiana Meadows
Bear, DE 19701

**BY HAND**

Ralph K. Durstein, III, Esquire
Department of Justice
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

Patricia C. Hannigan, Esquire
U.S. Attorney's Office
Nemours Building
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046

_____
Susan Wood Waesco (#4476)