# EXHIBIT B

Westlaw.

Not Reported in F.Supp.2d                                                                                                                  Page 1
Not Reported in F.Supp.2d, 2005 WL 1385140 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Bruton v. WilliamsD.Del.,2005.Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Aaron E. BRUTON, Plaintiff,
v.
Raphael WILLIAMS, QR2 Team (MPCJF), New Castle County Police, Larry McGuigan, Sgt. Washington, Major Cunningham, Joseph Belanger, and QR2 Team ("DCC"), Defendants.
No. Civ. 03-224-KAJ.

March 31, 2005.

Aaron E. Bruton, Smyrna, DE, pro se.

MEMORANDUM ORDER
JORDAN, J.
*1 Currently pending before the Court is Plaintiff Aaron E. Bouton's ("Bouton"), SBI # 198256, "Motion to Reinstate Enrolled Judgment" (D.I.13), which the Court construes as a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b)(6).

Bruton asserts that he is relying on Fed.R.Civ.P. 60(b)(6).[FN1] "A motion filed pursuant to Rule 60(b) is 'addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances.' " *Dietsch v. United States,* 2 F.Supp.2d 627, 630 (E.D.Pa.1998) (quoting *Ross v. Meagan,* 638 F.2d 646, 648 (3d Cir.1981) overruled on other grounds, *Roman v. Jeffes,* 904 F.2d 192, 195 n.4 (3d Cir.1990)).

> FN1. The Local Rules of Civil Procedure require that "[a] motion for re-argument shall be served and filed within 10 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor." Local Rule Civ. P. 7.1.5. Similarly, Fed.R.Civ.P. 59(e) requires a party to file a Motion to Alter or Amend Judgment "no later than 10 days after entry of the Judgment."

Fed.R.Civ.P. 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b). "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* The Order dismissing Bruton's complaint was entered on July 2, 2003. Bruton filed his Motion for Reconsideration on September 9, 2004.

Bruton correctly notes that Fed.R.Civ.P. 60(b)(6) permits him to file a motion for "any ... reason justifying relief from the operation of the judgment." (D.I. 13 at 1) However, a motion made under Rule 60(b)(6) must be made within a reasonable time. *See* Fed.R.Civ.P. 60(b)(6); *Moolenaar v. Gov't of the Virgin Islands,* 822 F.2d 1342, 1346 (3d Cir.1987). " 'What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties.' " *Dietsch,* 2 F.Supp.2d at 633 (quoting *Devon v. Vaughn,* No. 94-2534, 1995 WL 295431, at *2 (E.D.Pa. Apr.27, 1995)) (citation omitted). "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without relief, an extreme and unexpected hardship would occur." *Charowsky v. Kurtz,* No. 98-5589, 2001 WL 187337, at *7 (E.D.Pa. Feb.23, 2001)(citing *Lasky v. Continental Prod. Corp.,* 804 F.2d 250, 256 (3d Cir.1986)). To allow litigants more leniency in this respect would undermine the overriding interest in the finality of judgments. *See id.*

*2 Bruton filed the pending motion on September 9, 2004, alleging that from at least July 2003 until July

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-01248-GMS   Document 20-3   Filed 10/20/2006   Page 3 of 4

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2005 WL 1385140 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

2004, he was classified to the Security Housing Unit ("SHU"). (D.I. 13 at 3) Bruton alleges that he was mentally incompetent during this period. (*Id.*) Bruton further alleges that he was denied access to persons trained in the law or inmate paralegals while housed in the SHU Building. Further, Plaintiff was [also] in constant threat by the same state actors who [assaulted] him and this also was a factor in Plaintiff's decision to wait until his release from SHU unit as is the case now before this Court.

(*Id.*) Finally, Bruton alleges that in within 90 days of filing the motion, he was moved from the SHU to the general population, earned a job and was no longer mentally incompetent. (*Id.*)

On February 25, 2003, Bruton filed the Complaint and paid the $150 filing fee in full. (D.I.1) On March 7, 2003, the Court entered an Order requiring Bruton to complete and return an original U.S. Marshal ("USM") 285 Form for each Defendant, as well as the Attorney General for the State of Delaware, within 120 days from the date of the Order. (D.I.4) Because Bruton paid the filing fee, the Court also ordered him to reimburse the United States Marshal for the cost of serving the Complaint. (*Id.*) On April 9, 2003, the Court received a letter from Bruton's father stating that Bruton feared retaliation from the Defendant, and, therefore, could not complete the USM 285 forms as ordered. (D.I.5) Consequently, on April 11, 2003, the Court entered an order scheduling a pretrial conference for April 15, 2003 at 2:00 p.m. (D.I.6) The Court also directed the Clerk of the Court to prepare the required USM 285 forms, as well as an application to proceed *in forma pauperis.* The completed forms were presented to Bruton at the pre-trial conference for his signature.

However, Bruton refused to sign any of the completed forms, even though the Court specifically explained that the signed form USM 285 forms were required in order for the United States Marshal to serve the Complaint. Therefore, the Court directed Bruton to take the completed forms with him and to think about signing them. On April 17, 2003, the Court entered an Order to Show Cause requiring Bruton to sign and return the USM 285 forms, as well as the application to proceed *in forma pauperis,* by June 25, 2003, or the case would be dismissed. (D.I.8) On July 1, 2003, Bruton filed the application to proceed *in forma pauperis,* but failed to return the required USM 285 forms. (D.I.9) On July 2, 2003, the Court dismissed the Complaint without prejudice. (D.I.10)

Although Bruton asserts that, after the pre-trial conference, he was classified to the SHU and mentally incompetent until three months prior to filing the pending motion, the record contradicts his claims. On August 13, 2003, Bruton filed a letter with the Court requesting that the Court refund the $150 dollar filing fee stating, "I'm currently think about revising that Law Suit.... My Law Suite [sic] was dismissed because I wouldn't sign the paper work that the Court sent to me." (D.I.11) This letter is typed, rather than handwritten, indicating that Bruton had access to the prison law library, or at least to an inmate paralegal. Furthermore, the return address on the envelope in which this letter was mailed indicates that Bruton was classified to the Medium Security Housing Unit ("MHU"), not the SHU. Moreover, although Bruton contends that he did not have access to "a person trained in the law or an inmate paralegal," such access was not necessary. The Court had already determined that Bruton's complaint was not frivolous and that it should be served upon the Defendants. Bruton merely had to sign the completed USM 285 Forms and return them to the Court by June 25, 2003.

*3 I find that Bruton has not filed the pending motion to reopen within a "reasonable time" as required by Rule 60(b)(6). Bruton filed this motion over one year after the Order in question was entered. Without compelling justification, such a delay is not reasonable under the rule. See *Moolenaar v. Gov't of the Virgin Islands,* 822 F.2d at 1348 (finding 60(b)(6) motion brought almost two years after to be untimely); *Martinez-McBean v. Gov't of the Virgin Islands,* 562 F.2d 908, 913 n. 7 (3d Cir.1977)(reversing grant of 60(b)(6) motion and expressing doubts that reasonable time requirement was met when district court granted motion two and a half years after the disputed order was entered); *Dietsch,* 2 F.Supp.2d at 633 (finding that 60(b) motion filed more than two years after contested order was not within a reasonable time); *United States v. Real Property Located at 1323 South 10th Street, Philadelphia,* No. 91-5848, 1998 WL 470161, *2 (E.D.Pa. Aug.11, 1998) (finding four year delay unreasonable). Bruton has not adequately explained the delay in filing the pending motion. His argument that he was denied access to the law library or to an inmate paralegal, and that he was mentally incompetent until three months prior to filing the pending motion is belied by the letter received by the Court on August 15, 2003.

Bruton did not bring the Motion for Reconsideration in a reasonable time as required under Rule 60(b)(6).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                 Page 3
Not Reported in F.Supp.2d, 2005 WL 1385140 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Furthermore, Bruton has not presented "extraordinary circumstances where, without relief an extreme and unexpected hardship would occur." *Charowsky*, 2001 WL 187337 at *7. Therefore, Bruton's Motion for Reconsideration must be denied.

NOW THEREFORE, at Wilmington this 31st day of March, 2005, IT IS HEREBY ORDERED that:

1. Bruton's Motion for Reconsideration (D.I.13) is DENIED.

2. The Clerk of the Court shall mail a copy of this Memorandum Order forthwith to Bruton.

D.Del.,2005.
Bruton v. Williams
Not Reported in F.Supp.2d, 2005 WL 1385140 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 1:03cv00224 (Docket) (Feb. 25, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.