# EXHIBIT C

**Westlaw.**

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

C
Briefs and Other Related Documents
Bloom v. U.S. GovernmentS.D.N.Y.,2003.Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Barry I. BLOOM, Plaintiff,
v.
UNITED STATES GOVERNMENT, New York State Government, New York City Government, Brite Smile, Inc., United Techonologies Corp., Daimler-Chrysler, and Power Bar, Defendants.
No. 02Civ.2352DABDF.

Oct. 10, 2003.

Suit was brought against federal and state government officials, and private companies, alleging conspiracy to deny substantive due process rights, and also alleging various substantive offenses. Defendants moved to dismiss. The District Court, Batts, J., held that: (1) claim was not stated that defendants conspired to lynch and murder defendant; (2) claims of attempted lynching, lynching, attempted murder and theft of intellectual property were not stated; (3) claim of intellectual property appropriation was not stated against candy company; (4) statute of limitations had run against claim; and (5) leave to replead would not be granted.

Dismissed with prejudice.
West Headnotes
[1] **Conspiracy** 91 ⚷18

91 Conspiracy
   91I Civil Liability
      91I(B) Actions
         91k18 k. Pleading. Most Cited Cases
Claim under § 1983, that defendants violated claimant's right to substantive due process by conspiring to lynch and murder him, was not stated when claimant alleged that conspirators drugged him, keeping him from pursuing practice of dentistry, and that federal officials kept him from receiving grants and other forms of remuneration; necessary details were not forthcoming. Fed.Rules Civ.Proc. Rule 12(b)(6), 28 U.S.C.A.

[2] **United States** 393 ⚷140

393 United States
   393IX Actions

      393k140 k. Pleading. Most Cited Cases
Claims of attempted lynching, lynching, attempted murder and theft of intellectual property were not stated against government; no details were given for first three claims, and theft of intellectual property claim was supported by obviously baseless conclusion that claimant had written and not been compensated for preparing text for presidential campaign. Fed.Rules Civ.Proc. Rule 12(b)(6), 28 U.S.C.A.

[3] **Copyrights and Intellectual Property** 99 ⚷108

99 Copyrights and Intellectual Property
   99II Intellectual Property
      99k108 k. Infringement. Most Cited Cases
Lack of particularity precluded statement of claim that candy company had appropriated information regarding nutrition bar and used it to procure patent. Fed.Rules Civ.Proc. Rule 12(b)(6), 28 U.S.C.A.

[4] **Limitation of Actions** 241 ⚷95(15)

241 Limitation of Actions
   241II Computation of Period of Limitation
      241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
         241k95 Ignorance of Cause of Action
            241k95(15) k. Civil Rights. Most Cited Cases
Statute of limitations, on claims that state defendants violated federally protected rights of claimant, began to accrue on dates that claimant first became aware of harm, precluding assertion of § 1983 claims, even though claimant argued that effect of harms was still being felt. 42 U.S.C.A. § 1983; N.Y.McKinney's CPLR § 214(2).

[5] **Federal Civil Procedure** 170A ⚷1838

170A Federal Civil Procedure
   170AXI Dismissal
      170AXI(B) Involuntary Dismissal
         170AXI(B)5 Proceedings
            170Ak1837 Effect
                170Ak1838 k. Pleading Over. Most Cited Cases
Leave to replead complaint after dismissal would not be allowed to claimant raising claims of conspiracy to lynch him and that he was entitled to compensation

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

for writing presidential campaign material, when claims were frivolous and time barred, and claimant had history of filing frivolous claims.

*MEMORANDUM & ORDER*
BATTS, J.

**\*1** Plaintiff Barry Bloom commenced this action *pro se* against the above-named Defendants, claiming that, over a nine-year period, they conspired and attempted to murder and lynch him, actually lynched him, stole his intellectual property, and invaded his privacy. Defendants United States Government (the "Government"); New York State, the Office of Professional Discipline of the New York State Department of Education, Allison Burkwitt and Steven Racow (the "State Defendants"); and Power Foods Manufacturing, Inc. (sued here as "Power Bar") move to dismiss all claims against them pursuant to Rules 8 and (12)(b)(1), (4) and (6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Court grants Defendants' motions to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

I. BACKGROUND

A. Plaintiff's Complaint

Plaintiff commenced this action by filing his Original Complaint on March 26, 2002. In it Plaintiff alleges that, between 1992 and 2000, he was the victim of a conspiracy to lynch and murder, attempted lynching and murder, actual lynching, invasion of privacy and theft of intellectual property perpetrated by numerous defendants including the Government, State Defendants and Power Bar. Amended Complaint, filed October 24, 2002, ("Am.Compl.") at 1.[FN1]

 FN1. Because the allegations in the Original and Amended Complaints are identical, the Court cites to the Amended Complaint for purposes of the present motions to dismiss.

Plaintiff alleges that the Government and its agents [FN2] conspired and attempted to lynch and murder him by repeatedly drugging him with a variety of substances over a nine-year period. From the third week of January 1992 through 1996, Plaintiff was allegedly "drugged with an unknown substance causing dullness and rendering [Plaintiff] non-functional," which in turn forced him to stop working as a dentist. Am. Compl. at 3. Later, from February 1997 through April 1998, Plaintiff was allegedly drugged at least six times with a "substance believed to be atropine," as well as another unknown substance "lasting twelve hours," both of which supposedly caused Plaintiff to suffer "urinary retention." *Id.* at 4-6. Thereafter, Plaintiff claims, he learned to successfully self-treat the urinary retention with urecholine. *Id.* at 5. However, he was then allegedly drugged several more times from 1999 through November 2000 with diuretics causing "partial uninary incontinence and sexual competence" and with unknown substances that caused "paralysis of the bowel for five days" and "swelling of legs." *Id.* at 6-7.

 FN2. The Plaintiff lists "William Clinton, Hillary Clinton, Al Gore, Tipper Gore, Louis Freeh (Director the FBI) and "the Dirty Tricksters of the Federal Bureau of Investigation" as agents of the Government. Am. Compl. at 1-2.

Plaintiff also alleges theft of intellectual property and actual lynching on the part of the Government. Specifically, in 1991, Plaintiff allegedly "wrote the campaign text for the Clinton/Gore presidential campaign," for which he was never paid, Am. Compl. at 2., and, in September 1996, was wrongfully "debarred" by the "Office of Personnel Management of the United States Government" and thus excluded from grants, loan guarantees, loans, scholarships and government contracts. *Id.* at 4. This exclusion, Plaintiff claims, was "a major goal and victory" of the Government "lynch mob" and made it "impossible for [him] to go into business." *Id*.

**\*2** Plaintiff characterizes the Government's behavior towards him as "similar to the worst forms of torture," "grotesque," and "represent[ing] the worst form of atrocity known to mankind." Am. Compl. at 18. Plaintiff seeks relief in the form of $500 million in compensatory damages for loss of income, punitive damages for pain and suffering, and "damages due to inhumane treatment ... not ascribable to any normal behavior pattern." *Id.*

Plaintiff also alleges a pattern of unfair treatment and harassment on the part of the State Defendants. Specifically, he alleges that, in 1991, two "invalid complaints" against him were made to the Office of Professional Discipline (of the New York State Department of Education), which, although dismissing such complaints as invalid, allegedly

Not Reported in F.Supp.2d                                                                                        Page 3
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

"acted as a kangaroo court." Am. Compl. at 3. Then, in 1995, the Office of Professional Discipline allegedly caused the New York State Board of Regents to revoke Plaintiff's dental license. *Id.* at 4. Additionally, Plaintiff attributes his alleged 1996 "debarrment by the Office of Personnel Management of the United States Government"which he includes as part of the lynching conspiracy allegedly devised by the Government- to the State Defendants. *Id.* at 18. Plaintiff is in turn seeking $100 billion in compensatory ands punitive damages as relief for the injuries he supposedly suffered as a result of these wrongful acts by the State Defendants. *Id.*

As for Power Bar, Plaintiff appears to claim theft of intellectual property. Specifically, Plaintiff alleges that in 1991, he was "working on creation of 'power bar' and all other nutrition bars, Am. Compl. at 2, which he apparently was never able to finish. What happened next is unclear, but at some point during the "physical assault" Plaintiff allegedly suffered at the hands of the Government and other Defendants, "the Nutrition Bar Companies", of which Power Bar is one, apparently took the work that Plaintiff had done on the creation of nutrition bars, gained a patent on the bars, and brought them to market. *Id.* at 16. As relief for the injuries he supposedly suffered from Power Bar's alleged wrongdoing, Plaintiff seeks rescission of all of Power Bar's patents and reissuance of such patents to him, the "intellectual property of the company," the "real property of the company," "all manufacture and sales units of all divisions" of Power Bar, "all income of the company," and "the full value of the treasury of the Power Bar Company." *Id.* at 15-16.[FN3]

> FN3. Plaintiff also makes several additional allegations against the New York City Government, the Brite Smile Company, United Technologies Corporation, and Daimler-Chrysler AG. Am. Compl. at 8, 10-16. However, because none of these Defendants has moved to dismiss the claims against them, the Court will not discuss the allegations against them here.

B. Defendants' Motions to Dismiss

In response to Plaintiff's Original Complaint, the Government filed its Motion to Dismiss on July 24, 2002, urging dismissal of Plaintiff's claims against it on three grounds: (1) the complaint's "rambling, incomprehensible and unnecessarily voluminous" nature violates the "short and plain statement of claim" requirement of Federal Rule of Civil Procedure 8; (2) the complaint fails to sufficiently state a claim upon which relief can be granted, thus requiring dismissal under Rule 12(b)(6); and (3) dismissal is proper pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction due both to the Government's sovereign immunity and the clear frivolity of Plaintiffs' claims. Memorandum of Law in Support of Government's Motion to Dismiss (Gov.'t Mem.) at 4-7.

*3 The State Defendants filed their motion to dismiss on July 25, 2003, urging dismissal of Plaintiff's claims against them on four grounds: (1) dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction on account of New York State's sovereign immunity from damages suits in federal court and the individual State Defendants' absolute immunity from civil liability; (2) dismissal pursuant to Rule 12(b)(4) for insufficient service of process by Plaintiff due to his failure to name State Defendants as defendants in his Original Summons and Complaint; (3) dismissal pursuant to Rule 12(b)(6) because Plaintiff's claims are time-barred; and (4) dismissal pursuant to Rule 12(b)(6) because Plaintiff's claims against State Defendants fail to state a cause of action. Memorandum of Law in Support of State Defendants' Motion to Dismiss ("State Def. Mem.") at 3-10.

Power Bar filed its motion to dismiss on April 2, 2003, seeking dismissal of Plaintiff's claims on three grounds: (1) dismissal under Rules 8(a)(1) and 12(b)(1) of the Federal Rules of Civil Procedure due to Complaint's failure to allege a basis for subject matter jurisdiction; (2) dismissal pursuant to Rule 8(a)(2) for failure to provide a short and plain statement of claim showing that Plaintiff is entitled to relief; and (3) Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. Memorandum of Law in Support of Power Bar's Motion to Dismiss ("Power Bar Mem.") at 4-14.

C. Additional Procedural History

On September 26, 2002, Magistrate Judge Debra Freeman, to whom this Court referred the present action for general pre-trial supervision on April 18, 2002, held an initial case management conference. The next day, Judge Freeman issued a scheduling order in which she required Plaintiff to file an Amended Complaint by October 28, 2002 which identified, in the caption of the case, all entities and/or individuals that Plaintiff wished to name as

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 4

defendants. Scheduling Order, dated September 27, 2002, ¶ 1. The case caption in Plaintiff's Original Complaint named only the Government as a defendant even though the body of the Complaint contained allegations against State Defendants, Power Bar and several other entities. The scheduling order also specified that, to the extent any of the entities named as defendants in the body of the Original Complaint were named in the caption of the Amended Complaint, any pending motions to dismiss already filed on behalf of these entities would be unaffected and would not need to be refiled. Id. ¶ 3. Plaintiff filed his Amended Complaint on October 24, 2002, naming the Government, the State Defendants, New York City Government, Brite Smile, Inc., United Technologies Corporation, Daimler-Chrysler and Power Bar as defendants. Thus, the Government's and the State Defendants' motions to dismiss are ripe for the Court's consideration, and Power Bar's motion, filed in response to the Amended Complaint, is of course also properly before the Court.

II. DISCUSSION

A. Dismissal Under Rule 12(b)(6)

*4 As an initial matter, the Court notes that where a plaintiff proceeds *pro se,* a court must liberally construe the complaint and " 'interpret [it] to raise the strongest arguments that [it] suggests,' " *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)), thus holding the *pro se* pleading " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam)); *see also Hernandez v. Coughlin,* 18 F.3d 133, 136 (2d Cir.1994), cert. denied, 513 U.S. 836, 115 S.Ct. 117, 130 L.Ed.2d 63 (1994).

In deciding a Rule 12(b)(6) motion, the Court must read the complaint generously, accepting as true the factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff. *Bolt Elec., Inc. v. City of New York,* 53 F.3d 465, 469 (2d Cir.1995); *Mills v. Polar Molecule Corp.,* 12 F.3d 1170, 1174 (2d Cir.1993). Dismissal is only proper when "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Because a Rule 12(b)(6) motion is used to assess the legal feasibility of a complaint, a court should not "assay the weight of the evidence which might be offered in support thereof." *Ryder v. Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). Rather, the court must limit its consideration to the facts that appear on the face of the complaint. *Id.; Brass v. American Film Technologies, Inc.,* 987 F.2d 142, 150 (2d Cir.1993).

B. Claims Against the Government

1. Conspiracy to Lynch and Murder

[1] Construing Plaintiff's complaint liberally, the Government's alleged conspiracy to murder and lynch the Plaintiff apparently centered around a more than eight-year effort to drug him with atropine and other unknown substances that allegedly caused Plaintiff severe health problems and prevented him from working. Am. Compl. at 3-7. The complaint does not, however, specifically allege that the Government or any individuals affiliated with it had anything to do with the druggings. Plaintiff also alleges that the Government's Office of Personnel Management excluded him from "grants, loan guarantees, loans, scholarships and government contracts," and that such exclusion was "a major goal and victory for the lynch mob" that made "it impossible for [Plaintiff] to go into business." Am. Compl. at 4. Plaintiffs' claims thus essentially amount to a § 1983 cause of action alleging that the Government, acting under color of law, conspired and attempted to illegally deprive him of various substantive due process rights under the Constitution, namely his right to life and right to pursue a livelihood.

Complaints containing only "conclusory, vague or general allegations" of a conspiracy to deprive a plaintiff of his constitutional rights will not survive a motion to dismiss. *Sommer v. Dixon,* 709 F.2d 173, 175 (2d Cir.1983) (per curiam) *Gyadu v. Hartford Insur. Co.,* 197 F.3d 590, 591 (2d Cir.1999) (per curiam) (citing *Sommer* ). Plaintiff "must provide a basis in fact" for his conspiracy claims by pleading particular overt acts performed in furtherance of the conspiracy, *Polur v. Raffe,* 912 F.2d 52, 56 (2d Cir.1990); *Sommer,* 709 F.3d at 175 (same), as well as facts showing that defendants actually entered into

Case 1:04-cv-01248-GMS    Document 20-4    Filed 10/20/2006    Page 6 of 9

Not Reported in F.Supp.2d                                                                                         Page 5
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

an agreement to violate Plaintiff's rights. *Malsh v. Austin*, 901 F.Supp. 757, 763 (S.D.N.Y.1995) ("To sustain a conspiracy claim under 42 U.S.C. § 1983, plaintiff must demonstrate that a defendant 'acted in a willful manner, culminating in an agreement ... that violated the plaintiff's rights.") (citation omitted); *Romer v. Morgenthau*, 119 F.Supp.2d 346, 363 (S.D.N.Y.2000) ("[P]laintiff must provide some factual basis supporting a 'meeting of the minds', such as that defendants 'entered into an agreement ... to achieve the unlawful end.'") (citation omitted)

*5 Under the foregoing standards, Plaintiff has not sufficiently stated claims for conspiracy to murder and lynch. While the complaint arguably describes overt acts committed in furtherance of the conspiracy to murder, namely the druggings of the Plaintiff, the complaint contains no facts linking the Government or any of its agents to these druggings. Moreover, Plaintiff has not put forth any facts establishing how the Government or any of its agents entered willfully into an agreement to commit the druggings or other unlawful acts against Plaintiff. As for excluding Plaintiff from grants, loans and other governmental benefits, Plaintiff offers no specific facts substantiating this baldly conclusory allegation. Accordingly, Plaintiff's claims of conspiracy to murder and lynch must be dismissed pursuant to Rule 12(b)(6).

2. Other Claims Against the Government

[2] Plaintiff's five remaining claims against the Government include attempted lynching, lynching, attempted murder, and theft of intellectual property. Am. Compl. at 1. As with his conspiracy claims, Plaintiff fails to allege any specific facts supporting what amount to generalized, conclusory allegations. As discussed above, Plaintiff offers no facts linking the Government to the druggings that apparently constitute the "attempted murder" to which Plaintiff is referring in the complaint. Moreover, to the extent that the Government's alleged denial of loans, contracts and other benefits to Plaintiff constitute lynching and/or attempted lynching, Plaintiff sets forth no specific examples of such denials nor any explanation of how such denials were in fact unlawful.

With the respect to the intellectual property claim, Plaintiff's lone supporting factual allegation, that he wrote the campaign text for the Clinton-Gore Presidential Campaign but was never compensated for doing so, while specific, is clearly baseless and thus cannot support a valid cause of action. *See Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir.1990) (per curiam) (a district court may dismiss a *pro se* prisoner's § 1983 complaint " 'when the factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy." ') (citation omitted). In sum, because the complaint fails to provide "the factual basis necessary to enable [the Government] intelligently to prepare [its] defense," the claims must be dismissed under Rule 12(b)(6). *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977) (per curiam) (dismissing *pro se* complaint with no factual support for its conclusory allegations); *America v. New York Passport Center*, No. 91 CIV. 2731(MJL), 1991 WL 258763, *2 (S.D.N.Y. Nov.27, 1991) (same).

C. Claims Against Power Bar

[3] Power Bar argues that the claims against it in Plaintiff's Amended Complaint "fail to comply with even the most liberal application of Rule 12(b)(6)." Power Bar Mem. at 12. Power Bar emphasizes that the Amended Complaint contains "no allegation that [D]efendant Power Bar wrongly deprived plaintiff of his 'work' on the creation of power bar and other nutrition bars,' let alone any facts whatsoever as to how such an event might have occurred, when it occurred, what individuals were involved, where it took place, etc.," and, as such, the claims against Power Bar should be dismissed for failure to state a claim. *Id.* at 13-14.

*6 Even under the lenient standard by which a pro se plaintiff's pleadings are construed, Plaintiff must allege facts sufficient to show he is entitled to relief. *See Bloom v. Democratic National Committee*, No. 01 CIV. 11598, 2002 WL 31496272, at *2 (S.D.N.Y. Nov.6, 2002) (Dismissing breach of contract claim brought by *this very same pro se Plaintiff* for failure to allege facts supporting any of the elements of a breach of contract claim) (*emphasis added*). "Mere conclusory allegations 'fail to give notice of the basic events and circumstances of which plaintiff complains. Such allegations are meaningless as a practical matter and, as a matter of law, insufficient to state a claim." ' *Ruderman v. Police Dept. of the City of New York*, 857 F.Supp. 326, 330 (S.D.N.Y.1994) (holding that pro se plaintiff's complaint merely alleging belief that defendant was discriminating against him without offering any specific facts tending to support such belief "does not suffice to maintain a cause of action.") (citation omitted); *see also America v. New York Passport*

*Center*, No. 91 CIV. 2731, 1991 WL 258763, at *2 (S.D.N.Y. Nov. 27, 1991) (dismissing pursuant to Rule 12(b)(6) pro se complaint containing "conclusory, unsupported allegations which are not even remotely substantiated by any factual basis.")

Plaintiff's theft of intellectual property claims against Power Bar are precisely the kind of conclusory allegations which are plainly insufficient to prevent a Rule 12(b)(6) dismissal. While Plaintiff does allege that "the nutrition bars (power bars, protein bars, etc.) that [he] was working on" were patented and sold by someone other than himself, Am. Compl. at 16, he does not, as Power Bar notes, put forth any facts regarding who took the information from him or how and when they did so. Moreover, the Complaint does not even directly allege that Power Bar did anything wrong. The Amended Complaint only mentions Power Bar the company when demanding relief and when mentioning that the son of a colleague had worked for Power Bar in the past. Am. Compl. at 15-16, 20. Thus, the vagueness of Plaintiff's claims against Power Bar also favors their dismissal. *See America v. New York Passport Center*, 1991 WL 258763, at *2 (holding that "rambling vague" pro se complaint which "fails to state any discernible claims at all" must be dismissed.)

D. Claims Against State Defendants

[4] State Defendants argue that Plaintiff's claims against them are time-barred and therefore must be dismissed pursuant to Rule 12(b)(6).[FN4] They reason that because their alleged wrongdoing occurred and was discovered by Plaintiff no later than September 1996, Plaintiff's claims fall clearly outside the three-year statute of limitations which they argue applies to Plaintiff's claims against them. State Def. Mem. at 8-9; State Defendants' Reply Memorandum of Law, filed July 25, 2002 ("State Def. Reply"), at 2. Plaintiff in turn argues that the State Defendants' allegedly wrongful acts "continue consistently through the year 2000," that the results of these acts "continue to have detrimental effects," and that State Defendants' actions are part of an on-going conspiracy and should be treated as such. Plaintiff's Memorandum of Law Opposing a Motion to Dismiss State Defendants' Responsibilities of Action, filed July 25, 2002 ("Pl.'s Opp. to State Def."), at 4.

FN4. A motion to dismiss an action on statute of limitations grounds is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *See Ghartey v. St. John's Queens Hospital*, 869 F.2d 160, 162 (2d Cir. 1989).

*7 Because Plaintiff is claiming that State Defendants wrongfully used their authority to impinge upon one of his substantive due process rights, the right to pursue a livelihood, his claims against State Defendants are properly classified as § 1983 claims. Accordingly, the three-year statute of limitations imposed by New York C.P.L.R. § 214(2) applies. *See Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir. 1995) ("For § 1983 actions arising in New York, the statute of limitations is three years."); *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1156 (2d Cir. 1995) (same). While state law applies supplies the statute of limitations for § 1983 claims, federal law determines when a federal claim accrues. *Eagleston*, 41 F.3d at 871. The Second Circuit has determined that a § 1983 claim accrues "when the plaintiff 'knows or has reason to know' of the harm." *Id.* (quoting *Cullen v. Margiotta*, 811 F.2d 698, 725 (2d Cir. 1987), cert denied, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987)).

Based on the allegations in the Amended Complaint, none of Plaintiff's claims against State Defendants accrued fewer than three-years prior to the filing of this action. The most recent wrong related to State Defendants that is cited in the Amended Complaint, his "debarment by the Office of Personnel Management of the United States Government, occurred September 5, 1996, Am. Compl. at 4, 18, and thus Plaintiff knew of the alleged wrong at least six and a half years prior to bringing this lawsuit. Plaintiff's argument that the results of Defendants activities "continue to have detrimental effects," Pl.'s Opp. to State Def. at 4, is unavailing. When it comes to accrual of a § 1983 claim, "the proper focus is on the time of the *discriminatory act,* not the point at which the *consequences* of the act becomes [sic] painful." *Eagleston*, 41 F.3d at 871 (*emphasis in the original*) (internal quotations omitted).

Moreover, the fact that State Defendants alleged wrongful acts are part of conspiracy does not in any way postpone the accrual dates of Plaintiff's claims. As the Second Circuit has noted:

"[c]haracterizing defendants' separate wrongful acts as having been committed in furtherance of a conspiracy ..., does not postpone accrual of claims based on individual wrongful acts. The crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 7

damages may be recovered in a civil action. To permit him to wait and toll the running of the statute simply by asserting that a series of separate wrongs were [sic] committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time-bar, which is to preclude the resuscitation of stale claims."

Singleton v. City of New York, 632 F.2d 185, 192 (2d. Cir.1980). Accordingly, Plaintiff's claims against State Defendants accrued no later than September 1996, when the most recent of their alleged wrongful acts took place. Because this accrual was six-and-a-half years before the filing of this action, Plaintiffs' claims are therefore time-barred.

E. Leave to Re-Plead/Amend Complaint

**\*8** [5] Even when a complaint has been dismissed pursuant to Rule 12(b)(6), permission to amend it "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "While it is the usual practice upon granting a motion to dismiss to allow leave to replead", Cohen v. Citibank, No. 95 Civ. 4826, 1997 WL 883789, at \* 2 (S.D.N.Y. Feb. 28, 1997), a court may dismiss without leave to amend when amendment would be futile, Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir.2003) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)), or when the "substance of the claim pleaded is frivolous on its face." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir.1988) (citing Moorish Science Temple v. Smith, 693 F.2d 987, 990 (2d Cir.1982). A claim is frivolous when it is vague and incomprehensible, see Landesberg v. Meador, No. 96 CIV. 3033, 1997 WL 473585, at \*4 (S.D.N.Y. Aug.19, 1997), or when it is supported by baseless factual allegations "describing fantastic or delusional scenarios." Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y.1993) (citing Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Plaintiff's claims against the Government are frivolous on their face. His allegations that agents of the Government conspired to drug him and that he drafted the Clinton-Gore presidential campaign text are the type of fantastic claims courts have not hesitated to dismiss with prejudice. See Tyler, 151 F.R.D. at 540 (dismissing with prejudice *pro se* complaint alleging that the Federal Government had bugged plaintiff's college dormitory as part of its conspiracy to reinstitute slavery). Moreover, plaintiff's allegations that he was denied loans and other governmental benefits by a Government "Lynch Mob" intent on keep him from going into business is utterly incomprehensible. See Landesberg, 1997 WL 473585, at \*4 (dismissing with prejudice plaintiff's claim that the Federal Judiciary's misinterpretation of certain sections of the Constitution caused plaintiff "a permanent psychological scar").

Leave to amend would be futile and thus is also unwarranted when the claims to be amended are barred by the statute of limitations. See Jones v. Trump, No. 96 CIV. 2995, 1997 WL 277375, at \*8 (S.D.N.Y. May 27, 1997) ("[T]hose claims that are barred by the statute of limitations ... cannot succeed no matter how they are pleaded.") (citation omitted); De la Fuente v. DCI Telecommunications, Inc., 206 F.R.D. 369, 387 (S.D.N.Y.2002)(holding that because plaintiffs' claims were barred by statute of limitations, any attempt to amend would be futile). As discussed above, Plaintiff's claims against State Defendants are barred by a 3-year statute of limitations, and thus amending the allegations by adding more specific supporting facts will not change that fact.

Finally, and perhaps most importantly, the Court notes that courts in this Circuit have been loathe to give a plaintiff another chance to pursue his patently meritless claims when his history of frivolous lawsuits makes it likely that he will continue to waste judicial resources and cause opposing parties needless additional expense by re-filing such actions. See O'Malley v. New York City Bd. Of Education, 112 F.3d 69 (2d Cir.1997) (permanently enjoining plaintiff who had repeatedly filed similar meritless actions in several other courts and jurisdictions from filing further actions in the Southern District of New York without leave of court); Jones v. Trump, 1997 WL 277375, at \*9 (dismissing with prejudice meritless claims brought by plaintiff whose previously filed actions based on the same events demonstrated his claims "were an attempt to use the courts to harass defendants through a continued course of vexatious litigation"). In light of Plaintiff's prior practice of filing frivolous lawsuits against some of these very same Defendants, see Bloom v. Democratic National Committee, 2002 WL 31496272 (action against William and Hillary Clinton to force payment for allegedly developing Clinton presidential campaign text), anything but a dismissal of the current claims with prejudice would no doubt unnecessarily and unfairly expose Defendants to further litigation with Plaintiff. Because this Court has both the power and obligation

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                               Page 8
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

not to let that happen, *see Martin-Trigona v. Lavien,* 737 F.2d 154, 1261 (2d Cir.1984), it refuses to grant Plaintiff leave to amend his Complaint as to the Government, State Defendants or Power Bar.

### III. CONCLUSION

*\*9* For the reasons stated above, Plaintiff's claims against the Government, the State Defendants and Power Bar are dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) [FN5] for failure to state a claim upon which relief can be granted.

> FN5. Because the Court dismisses Plaintiff's claims pursuant to Rule 12(b)(6), it is not necessary for the Court to address the other grounds for dismissal put forth by Defendants.

SO ORDERED.

S.D.N.Y.,2003.
Bloom v. U.S. Government
Not Reported in F.Supp.2d, 2003 WL 22327163 (S.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 1:02cv02352 (Docket) (Mar. 26, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.