IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD L. OBENG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1248 (GMS) |
| | ) | |
| DELAWARE STATE POLICE, | ) | |
| COMCAST CABLE, and | ) | |
| FEDERAL BUREAU OF | ) | |
| INVESTIGATION, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

1.   On October 6, 2006, the plaintiff, Richard L. Obeng ("Obeng") filed a Motion to Reopen the Case (D.I. 19), which is presently before the court. Obeng's motion also requests the appointment of counsel. (Id.; see D.I. 22.)

2.   Obeng is a resident of Bear, Delaware. He initially filed his complaint in the New Castle County Court of Common Pleas on or about July 29, 2004. In his complaint, Obeng alleged that the Delaware State Police (the "DSP"), Comcast Cable ("Comcast"), and the Federal Bureau of Investigation (the "FBI") (collectively, the "defendants") have, since 1999, "engaged in an elaborate and unlawful series of engagements to encroach on the plaintiff's privacy, civil rights, and other despicable and unlawful acts." (Compl. ¶ 3.) Obeng also alleged that the defendants had, for the past five years, engaged in "cowardly, despicable and fiendish acts" against him that included sabotaging his business venture, hindering his job search, tampering with his prescription medication, tapping his phone, fax, and Internet access, possibly bugging his car and apartment, colluding with medical staff to reveal false and confidential medical information about him to the public, and monitoring him through his television so that "[w]hen [he] switches on his TV for any

live telecast/broadcast, audiences in other studios and locations are able to see [him] in his [r]oom." (Compl. ¶ 3-15.) Further, Obeng "strongly suspect[ed]" that the defendants pressured local attorneys into declining to represent him. (*Id.* ¶ 14.)

3.  Comcast was served with the complaint on August 12, 2004, and timely filed a motion to dismiss on September 1, 2004. On September 9, 2004, prior to the hearing date set for Comcast's motion, the FBI removed the case to this court pursuant to 28 U.S.C. §§ 1346 and 1446. On September 16, 2004, the FBI filed a motion to dismiss. The FBI moved to dismiss the case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and Comcast moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).

4.  On July 7, 2005, the court issued a Memorandum and Order (D.I. 12), dismissing with prejudice Obeng's claims against the FBI, Comcast, and the DSP.[1] Obeng did not appeal the court's ruling.

5.  On October 6, 2006, Obeng filed the motion to reopen, which is presently before the court. The motion requests the court to reopen the case because "previous and current allegations have assumed monstrous proportions, to say the least." (D.I. 19, at 1.) Giving Obeng's motion a generous reading, the court construes it as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). "A motion filed pursuant to Rule 60(b) is 'addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances.'" *Dietsch v. United States*, 2 F. Supp. 2d 627, 630 (E.D. Pa. 1998) (quoting *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981), *overruled on other grounds*, *Roman v. Jeffes*, 904 F.2d

---

[1] The court granted both the FBI's and Comcast's motions to dismiss, and dismissed Obeng's claims against the DSP for failure to prosecute.

192, 195 n.4 (3d Cir. 1990)).

6.     Rule 60(b) permits a party to move for relief from judgment under a limited set of circumstances, including "mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence . . .; fraud . . ., misrepresentation, or other misconduct of an adverse party; or any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Here, Obeng does not state any reason as to why he seeks relief from the judgment. The court, therefore, will construe his motion as seeking relief for "any other reason justifying relief," pursuant to subsection (6) of Rule 60(b), because it is the only subsection of Rule 60(b) that could plausibly apply to his motion to reopen. The Third Circuit "has consistently held that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002); *see also, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) ("[O]ur cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment."). Moreover, although "relief under 60(b)(6) is not limited by any strictly defined time period," such relief "can be afforded under this rule [only] if it is sought within a reasonable time." *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975); *see* Fed. R. Civ. P. 60(b) ("The motion shall be made within a reasonable time. . . .").

7.     After having considered the parties' submissions on the issue (D.I. 16, 20, 21), as well as the relevant law, the court will deny Obeng's motion. Preliminarily, the court finds that Obeng's motion is untimely. As previously mentioned, a Rule 60(b) motion must be made "within a reasonable time." "What constitutes [a] 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn

earlier of the grounds relied upon, and [the consideration of] prejudice [if any] to other parties." *Dietsch*, 2 F. Supp. 2d at 633 (citation omitted). In the present case, Obeng filed this motion over one year after the Order in question was entered. Without compelling justification, such a delay is not reasonable under the rule. *See Moolenar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (concluding that a Rule 60(b)(6) motion filed almost two years after order issued was not filed within a reasonable time); *Dietsch*, 2 F. Supp. 2d at 633 (same). Obeng, however, has not even attempted to explain the reason for the delay. Thus, the court concludes that Obeng's motion is untimely.

8.      Furthermore, the court concludes that Obeng has not demonstrated "extraordinary circumstances" that would justify reopening his case almost two years after his claims were dismissed with prejudice. "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without the relief, an extreme and unexpected hardship would occur." *Charowsky v. Kurtz*, No. Civ. A. 98-CV-5589, 2001 WL 187337 (E.D. Pa. Feb. 23, 2001) ("It is only under such extraordinary circumstances 'that the overriding interest in finality and repose of judgments may properly be overcome.'") Obeng's motion merely restates the same allegations from his original complaint and contends that the complained of conduct is still on-going. Even giving the motion a generous reading, the court finds that it does not even remotely identify any reason as to why the court should reopen the case, much less any extraordinary circumstances giving rise to the need to reopen the case. Accordingly, the court concludes that Obeng's motion fails to present any ground upon which Rule 60(b) relief could be granted.

Therefore, IT IS HEREBY ORDERED that:

1. The plaintiff's Motion to Reopen (D.I. 18, 19) is DENIED.

2. The plaintiff's request for appointment of counsel (D.I. 18, 19, 22) is DENIED as moot.

Dated: May 7, 2007    /s/ Gregory M. Sleet_____
    UNTIED STATES DISTRICT JUDGE